IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| EDGAR HERNANDEZ, § | |
| Institutional ID No. 2109665, § | |
| SID No. 07990638, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 1:19-cv-00239-BU |
| v. § | |
| § | |
| DAVIS-DIRECTOR TDCJ-CID., *et al.*, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION AND ORDER OF TRANSFER

This case was transferred to the undersigned United States magistrate judge by Order dated December 4, 2019. Dkt. No. 8. In accordance with the mandate of the transfer order, the undersigned conducted preliminary screening as described in 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and determined that pro se Plaintiff Edgar Hernandez's claim for injunctive relief arising under RLUIPA survived preliminary screening. Consequently, the Court entered an order requiring the Defendant Bobby Lumpkin–Director TDCJ-CID (Director)[1] to answer or otherwise plead to Hernandez's claim. Order to Answer and Partial Dismissal, Dkt. No. 31. As of the date of this order, all parties have not consented to the jurisdiction by the magistrate judge. Accordingly, it is the opinion of the undersigned that this matter must be transferred to the district judge for further proceedings.

---

[1] Since Bobby Lumpkin has succeeded Lorie Davis as the Director, he is "automatically substituted as a party." Fed. R. Civ. P. 25(d).

1

## I. DISCUSSION

Hernandez claims that the TDCJ grooming policy prohibiting long hair violates his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) 42 U.S.C. § 2000cc. RLUIPA requires a plaintiff to demonstrate that: (1) their religious exercise is grounded in a sincerely held religious belief and (2) that the government's action substantially burdens that exercise. *Ali v. Stephens*, 822 F.3d 776, 782–83 (citing *Holt v. Hobbs*, 574 U.S. 352, 360–61 (2015)).

When the plaintiff carries their burden, the government must then show that "the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1.

Although the Fifth Circuit has previously found that the TDCJ grooming policy does not always violate RLUIPA, recent decisions have demonstrated that the Court must carefully examine whether the plaintiff's requested exemption is the least restrictive means of furthering the government's interest. *See Ware v. La. Dep't of Corrections*, 866 F.3d 263, 271–74 (holding that the Louisiana Department of Corrections' grooming policy did not serve a compelling governmental interest and was not the least restrictive means of achieving the state's asserted interest).

Here, Hernandez alleges that his religious beliefs "require [him] to grow [his] hair" and that the grooming policy results in "punishment for [his] religious practice" Dkt. No. 2 at 4. Specifically, Hernandez provides that although he has never been physically forced to cut his hair, the punishments for violating the grooming policy have included: (1) contact visits prohibited for six months; (2) cell restrictions for up to 90 days; (3) recreation

restrictions for 90 days; (4) phone calls prohibited for 120 days; (5) commissary purchase restrictions; (6) loss of six months or more of good time; (7) reclassification into a "line class" where he had no good time credit; (8) custody level changed from population to highly-restricted closed custody; (9) special cell restrictions; (10) property confiscation; and (11) limited access to courts. *Id.* at 15. When questioned at the *Spears* hearing, Hernandez provides that these punishments have continued to occur after his transfer from the Robertson Unit to the Ellis Unit.[2] Tr. 9:05–16:30.[3]

At this stage of the proceedings, Hernandez's allegations, taken as true, sufficiently state a claim under RLUIPA against the Director. Nothing in this Report and Recommendation or the Order requiring the Director to answer constitutes an opinion as to the lawfulness of the Director's actions or an adverse finding as to his conduct.

Accordingly, it is the **RECOMMENDATION** of the undersigned magistrate judge that a scheduling order should be entered.

It is therefore **ORDERED** that the transfer of this case to the United States Magistrate Judge is terminated and the case is hereby transferred back to the docket of the United States District Judge. This case shall hereinafter be designated as Civil Action No. 1:19-CV-00239-H.

## II.   RIGHT TO OBJECT

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and

---

[2] Hernandez was at the Robertson Unit at the time his claims arose. He was transferred to the Ellis Unit prior to his Spears hearing. Dkt. No. 23. He was later transferred to the Ellis Unit where he remains as of this FCR. Dkt. No. 29.
[3] Transcript ("Tr.") citations refer to the audio record of *Spears* hearing held on August 3, 2021. Dkt. No. 28.

Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IT IS SO ORDERED this 29th day of August, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

4